[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: August 15, 1996 Date of Application: September 13, 1996 Date Application Filed: September 13, 1996 Date of Decision: February 24, 1998
Application for review of sentence imposed by the Superior Court, Judicial District of Tolland at Rockville. Docket Nos. CR95-56109; CR95-56125; CR95; 56126; CR95-56114; CR95-56112; CR95-56113; CR95-56250; CR95-56110; CR95; 56249; CR95-56847; CR95-57535.
John Hyde, Esq, Counsel for Petitioner.
 Mathew Gdanski, Esq, Assistant State's Attorney for the State.
The petitioner waived a trial and entered pleas of guilty under the Alford Doctrine to 10 counts of Sale of Narcotics (a violation of C.G.S. § 21a-277(a), which carries a penalty of no less than 1 year nor more than 15 years incarceration and/or a $50,000 fine for each count); a count of Assault in the First CT Page 5791 Degree (a violation of C.G.S. § 53a-59(a)(4), which carries a penalty of no less than 1 year nor more than 20 years incarceration and/or a $15,000 fine); and one count of Racketeering (a violation of C.G.S. of § 53-395(c), which carries a sentence of no less than 1 year nor more than 20 years and/or a $25,000 fine). The charges of which the petitioner was convicted carry a maximum penalty of 190 years incarceration and a monetary fine of up to $540,000.
There was no agreement between the parties as to the sentence. Each party was free to argue for what each believed to be appropriate.
The court sentenced the petitioner to 3 years on each of the 10 narcotics charges concurrent to all other counts; 18 years incarceration on the charge of assault in the first degree (concurrent to the narcotics charges); and 10 years on the racketeering charge consecutive to the assault charge (concurrent to the narcotics charges) for a net effective sentence of 28 years incarceration.
Counsel for petitioner indicated that he believed the 28 year sentence imposed was excessive and claims a comparison of the sentences imposed on other co-defendants will demonstrate that a reduction of the petitioner's sentence is appropriate. Petitioner further claimed that the range of sentences for the co-accused went from 3 to 15 years incarceration.
The petitioner addressed the Division and related that he was sorry (for the offenses committed), that his life has changed since the incarceration and that he will not offend in the future. The petitioner asked for another chance.
Counsel for the state countered by pointing out that the petitioner had an exposure of up to 190 years incarceration. The state indicated that it recommended 50 years incarceration at the time of sentencing and recommends the same sentence to the Division.
The state indicated that the arrests of the petitioner and his co-defendants stem from a six month undercover operation. It was revealed that the petitioner was the head of a gang comprised of mostly male teenagers ranging from the age of 16 to 20 years who generally had no prior criminal records.
The investigation further revealed that the petitioner ruled CT Page 5792 the gang with an iron fist in his control of the narcotics, activity in the Rockville area which included the sale of narcotics and the "beat down" of individuals in the further of the interests of the gang. The investigation revealed that the petitioner controlled the narcotics trade in Rockville and that the petitioner received a percentage of each sale.
The defendant was convicted of a very serious assault of a person who bought drugs on a credit and whose payment was not in accord with the dictates of the petitioner. The petitioner was involved in this vicious assault using a tire ramp. The petitioner's colleagues had to intervene in order to save the life of the victim. To this day the victim is in constant fear.
The state claimed that any comparison with the sentence of the co-defendants is defective in that the petitioner was the leader of the gang, appreciably older, and put the orders into effect.
The court opined that the acts committed by the petitioner merit a sentence of from 60 to 75 years incarceration. The court characterized the petitioner as a "one man crime wave."
The court imposed the sentence as indicated.
Pursuant to Connecticut Practice Book § 942, the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 942 and Connecticut General Statute § 51-194 et seq.
In reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 942
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED. CT Page 5793
Miano, J.
Klaczak, J.
Norko, J.
Miano, J., Klaczak, J. and Norko, J. participated in this decision.